## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                                          Case No. 1:18-cr-97-JMC

DARIUS JAMES,

    Defendant.

## ORDER DENYING MOTION TO APPOINT COUNSEL

This matter is before the Court on the Federal Public Defender's Motion to Appoint Counsel on Defendant's behalf [Doc. 45]. For the reasons stated below, the Court **DENIES** the motion.

Defendant has no constitutional or statutory right to appointment of counsel in the prosecution of a compassionate release motion. *See Coronado v. Ward*, 517 F.3d 1212, 1218 (10th Cir. 2008) (no constitutional right to counsel beyond direct appeal of criminal conviction); *see also United States v. Campos*, 630 F. App'x 813, 816 (10th Cir. 2015) (unpublished) (right to counsel does not extend to § 3582(c)(2) motion); *United States v. Olden*, 296 Fed. App'x. 671, 674 (10th Cir. 2008) (unpublished) (no right to appointment of counsel exists when pursuing relief under 18 U.S.C. § 3582(c)."); *United States v. Carrillo,* 389 Fed.Appx. 861, 863 (10th Cir.2010) (unpublished); *United States v. Olden,* 296 Fed.Appx. 671, 674 (10th Cir.2008) (unpublished); *United States v. Little*, CR No. 14-195 KG, 2020 WL 2736944, at *1; *United States v. Abascal*, No. 2:13-CR-2424-RB, 2020 WL 3265243, at *1 (D.N.M. June 17, 2020); *United States v. Stewart*, No. 1:15-CR-779 WJ, 2020 WL 3832954, at *2 (D.N.M. July 7, 2020).

However, the Court may appoint counsel in the interest of justice. In determining whether to appoint counsel, the Court considers several factors including (1) the merit of the litigant's claims; (2) the nature of the factual issues raised in the claims; (3) the litigant's ability to present his or her claims; and (4) the complexity of the claims involved. *See Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

Applying these factors, the Court exercises its discretion and declines to appoint counsel. The Court has reviewed the record in this case. Defendant pled guilty to a two-count Information, which charged him with voluntary manslaughter in violation of 18 U.S.C. §§ 1153 and 1112 and using, carrying, and brandishing a firearm during and in relation to a crime of violence and possessing and brandishing a firearm in furtherance of such crime in violation of 18 U.S.C. § 924(c). The Court sentenced Defendant to 180 months in prison. The public defender represents that Defendant seeks release for extraordinary and compelling circumstances under 18 U.S.C. § 3582(c)(1) because of COVID-19 and his underlying conditions. The public defender asserts USP Lompoc has "mishandled its handling" of COVID-19, and he is vulnerable because he has hypertension, Type 2 diabetes with both neuropathy elevated intraocular eye pressure, anxiety, and hyperlipidemia. Defendant's grounds for his motion for compassionate release appear to be straightforward, and he appears capable of presenting his claims.

**IT IS THEREFORE ORDERED** that FPD's Motion to Appoint Counsel (**Doc. 45**) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant may file a *pro se* motion for compassionate release.

**IT IS FURTHER ORDERED** that in the event Defendant files that motion, the

Government shall file a response to the motion for compassionate release within **fourteen (14) days** of Plaintiff filing his motion.

**IT IS FINALLY ORDERED** that Defendant may file an optional reply within **fourteen (14) days** of service of the Government's response.

**IT IS SO ORDERED.**

Entered for the Court
this the 1st day of December, 2020

/s/ Joel M. Carson III_____
Joel M. Carson III
United States Circuit Judge
Sitting by Designation